FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUN 0 6 2025

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT OF UTAH

| | |
|---|---|
| SHYANE HARDEN, )<br><br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>Kier Management, et. Al )<br><br>    Defendant, ) | Case: 1:25-cv-00080<br>Assigned To : Oberg, Daphne A.<br>Assign. Date : 6/6/2025<br>Description: Harden v. Kier Management et al<br><br>**COMPLAINT AFFIDAVIT**<br><br><u>COMPLAINT FOR INJUNCTION</u><br><br><u>PURSAUANT TO FAIR HOUSING</u><br><br><u>ACT OF 1968, 42 U.S.C 3601, et seq.</u> |

## COMPLAINT AFFIDAVIT

Plaintiff Shyane Harden ("Ms. Harden") alleges, as and for her complaint against Defendants Michelle Tipplette, Lindsay Borke employed by Kier management, Bramblewood Apartments as follows:

### PRELIMINARY STATEMENT

1. Plaintiff (Ms. Harden) is a tenant with Bramblewood Apartments, Kier management, Ogden Housing Authority (HUD) (**SEE EXHIBIT A**).

2. Defendant Michelle Tipplette, at all times employed by Kier management, Bramblewood Apartments.

3. Defendant Lindsay Borke, at all times employed by Kier management, Bramblewood Apartments.

4. On October 1, 2024, Plaintiff "Ms. Harden" had a conversation with Defendant Michelle Tipplette about becoming employed and for Defendant Michelle Tipplette, to verify Plaintiff "Ms. Harden" identity documents to become employed **(SEE EXHIBIT B)**.

5. During this conversation Plaintiff "Ms. Harden" also stated that she would also be employed at Burger King.

6. Plaintiff "Ms. Harden" had also discussed the adjustment to her rent as "Ms. Harden" child support payments were lowered.

7. Plaintiff "Ms. Harden" had emailed Defendant Michelle Tipplette on numerous occasions from October to December about adjusting "Ms. Harden's" rent as defendant Michelle Tipplette stated to Plaintiff Ms. Harden" that once the plaintiff complete orientation, to submit in writing within 10 days or the plaintiff would have to pay full rent as the plaintiff did submit **(SEE EXHIBIT C)**.

8. Plaintiff "Ms. Harden" alleges that she went to Kier management on numerous occasions as "Debby" (the front desk receptionist) for Kier management stated that the plaintiff would need to contact Lindsay Borke about the issue and that the plaintiff would only owe the difference of the increase of the rent. The plaintiff also left her contact information for Lindsay as well as emails and voice messages as Lindsay Borke, the supervisor for Michelle Tipplet never responded **(SEE EXHIBIT D)**.

9. On January 6, 2025, Plaintiff "Ms. Harden" went to the office of Michelle Tipplette to sign paperwork for the yearly certification.

10. While speaking with Michelle Tipplete, she stated to the plaintiff, "Why you call yourself calling up to Kier management telling on me".

11. The plaintiff stated, "I have been trying to get my rent adjusted since September so that I wouldn't owe". Defendant Michelle Tipplete then stated, " Well you're going to still have to owe. The plaintiff stated that Debby (front desk receptionist said I wouldn't just the difference of when my rent went up".

12. Defendant Michelle Tipplete then stated "Who is Debby? She does not run nothing in my office".

13. Defendant Michelle Tipplete sent an email claiming that for the child support payments alone, the plaintiff would have to pay more in rent because the child support payments needed to be consisted for six (6) months (**SEE EXHIBIT E**).

14. The Plaintiff alleges that there is nowhere in the rental agreement if the tenant's income decreases, that the rent would be higher from the original agreement (**SEE EXHIBIT A**)

15. January 13, 2025, the plaintiff received an email from Defendant Michelle Tipplete requesting a receipt showing a SNAP balance. The plaintiff emailed it over to the defendant. The defendant ran an income verification for the plaintiff's recertification as the defendant also seen that the plaintiff was not receiving SNAP BENEFITS (**SEE EXHIBIT F**).

16. On February 6, 2025, plaintiff received an email from Defendant Michelle Tipplete stating that her supervisor, Lindsay Borke, was requesting a copy of the receipt or that she would be seeking termination (**SEE EXHIBIT G**).

17. Plaintiffs forward the email again as defendant Michelle Tipplete still placed an eviction noticed on the plaintiff's door.

18. The plaintiff states she received an eviction noticed in January with a balance. On January 31, 2025, the plaintiff paid the balance off.

19. February 6, 2025, the plaintiff received an eviction noticed with a different amount (**SEE EXHIBIT F**).

20. On the eviction notice, Defendants are claiming that the plaintiff did not complete the recertification on time.

21. The Plaintiff alleges that on September 13, 2024, that an appointment was scheduled with Defendant Michelle Tippilete to complete the recertification. During the appointment, the plaintiff signed documents for the recertification and was not asked anything about a SNAP balance receipt. (**SEE EXHIBIT G**).

22. On January 31, the plaintiff alleged that as she went to turn in the money order for the remaining balance, defendant Michelle Tipplete asked that the plaintiff sign paperwork again for the recertification and then asked for the SNAP balance receipt again.

23. Defendant Michelle Tipplete stated that she ran a IEC for the recertification as the defendant would have seen that the plaintiff does not receive SNAP BENEFITS (**SEE EXHIBIT H**).

24. After emailing Defendant Lindsay Borke numerous times about her employee Defendant Michelle Tipplete, defendant Lindsay Borke never responded.

25. On April 30th, 2025, defendant Michelle Tripplet put another eviction on the plaintiff's door claiming of an outstanding balance which is false.

26. On May 29, 2025, the plaintiff alleges that she made a visit to Ogden Housing authority located at 1100 Grant Ave. Ogden, Ut about the remaining balance for HUD received by Bramblewood Apartments, Staff made it aware that there was no HUD balance in the system pertaining to the balance alleged by Bramblewood Apartments/ Kier Management and that the documents and payments provided were never received (**SEE EXHIBIT I**).

27. As the plaintiff alleged before, both defendants are creating false documents as retaliation for the previous complaint made by "Ms. Harden" to Kier Management to evict the plaintiff as retaliation.

28. The defendants, through the actions of their agents and employees, have discriminated against people because of retaliation in the operation of their apartment buildings, among other ways by

    a. Refusing to rent dwellings and negotiate for the rental of dwellings with persons because of retaliation, in violation of Section 804(a) of the Fair Housing Act of 1968, 42U.S.C. 3604 (a).

29. Plaintiff claims that because of the Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton reckless indifference, to the Plaintiff's rights under Utah Housing Fair Act.

## JURISDICTION AND VENUE

30. This Court has jurisdiction pursuant 28 U.S.C. 1331 and 1343, as this action asserts violations of THE FAIR HOUSING ACT 42 U.S.C et seq.

## PARTIES

31. Plaintiff Shyane Harden "Ms. Harden" is a resident of the States of Utah, the City of Ogden, Weber County.

32. Defendant Michelle Tipplete is a resident of the States of Utah, at all times employed by Kier management, Bramblwood Apartments.

33. Defendant Lindsay Borke is a resident of Utah, at all times employed by Kier management, Bramblewood Apartments.

34.

## FACTUAL ALLEGATIONS

35. Plaintiff, "Ms. Harden" is a current tenant with Kier Management, Bramblewood Apartments.

36. The Plaintiff completed the recertification when asked and provided all documents as required on time as she has with all other recertifications requested by Kier Management, Bramblewood Apartments in the past.

37. The Plaintiff also took the initial steps to try to resolve the issue by contacting defendant Lindsay Borke to try to work out a resolution.

38. Both defendants Michelle Tippplete alongside defendant Lindsay Borke have received all exhibits through emails, as both defendants both are seeking eviction.

## FIRST CAUSE OF ACTION
### RETALIATORY EVICTION

39. Plaintiff repeats and realleges each and every allegation in all the proceeding paragraphs as if fully set forth.

40. The plaintiff is a victim of wrongful eviction due to retaliation.

41. Defendants are evicting the plaintiff due to numerous complaints made to Kier Management.

42. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton reckless indifference, to the Plaintiff's rights under Utah Housing Fair Act, to which the plaintiff is entitled to an award of damages outlined above under the principles of *respondeat superior*, the laws of the State of Utah, as applicable.

43. The plaintiff alleges that because of the retaliatory eviction, the plaintiff and her autistic son will be forced to move into a hotel/ or shelter as the plaintiff does not have the proper income.

44. Because of the false documents/narrative presented by Bramblewood Apartments/Kier Management, Ogden Housing Authority stated that this would interfere with the Section 8 voucher process as the plaintiff will not be able to obtain a Section 8 voucher for, she and her family.

45. Plaintiff alleges that the only reason she is still residing with Bramblewood Apartments as defendant Michelle Tipplet has provided false information to other Landlords as needed to reside at another residence.

46. The plaintiff also states that because of the defendant's evil and malice actions, she would be forced to be removed from Ogden Housing Authorities Section 8 Voucher waiting list as she is scheduled to be contacted soon.

47. As direct and proximate result of Defendant's unlawful conduct as alleged hereinabove, plaintiff has suffered severe emotional distress and anxiety, humiliation, embarrassment and any other consequential damages.

48. This action is timely because it falls within the Utah Code and is brought during the one-year time period set forth in that section.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays judgement be entered in her favor against Defendant's and each of them as follows.

1. For money judgement for mental pain and anguish and severe emotional distress, according to proof.
2. For punitive and exemplary damages according to proof.
3. For prejudgment and post-judgmental interests; and
4. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND REQUESTED

Respectfully submitted,

06/01/2025                            /s/ Shyane Harden
Date                                    Signature

Lovelydime88@gmail.com
Email

385-269-4129
Phone