UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| SHYANE HARDEN,<br><br>  Plaintiff,<br><br>v.<br><br>KIER MANAGEMENT; MICHELLE TIPPLETTE; and LINDSAY BORKE,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT**<br><br>Case No. 1:25-cv-00080<br><br>Magistrate Judge Daphne A. Oberg |

Shyane Harden filed this action without an attorney.[1] The court temporarily granted Ms. Harden's motion to proceed without paying the filing fee and stayed the case for screening.[2] Because Ms. Harden fails to state a plausible claim for relief under federal law, and the court should decline to exercise jurisdiction over her state law claims, her complaint is subject to dismissal. Ms. Harden is permitted to file an amended complaint by **December 29, 2025,** to correct these deficiencies. The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Granting Mot. to Waive Filing Fee & Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must dismiss the case if it concludes the complaint "fails to state a claim on which relief may be granted."[4] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But the court need not accept a plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11] As relevant here, original subject-matter jurisdiction may be based on federal-question jurisdiction[12] or diversity jurisdiction.[13] Federal-question jurisdiction applies to claims "arising under the Constitution, laws, or treaties of the United States."[14] When determining whether a claim arises under federal law, the court examines only "well pleaded allegations of the complaint."[15] Alternatively, if only state-law claims are alleged, diversity jurisdiction applies if "complete diversity of citizenship exists between the adverse parties and [] the amount in controversy exceeds $75,000."[16]

Because Ms. Harden proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[17] Still, pro se plaintiffs must "follow the same rules of procedure that

---

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *See* 28 U.S.C. § 1331.

[13] *See* 28 U.S.C. § 1332.

[14] 28 U.S.C. § 1331.

[15] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (internal quotation marks omitted).

[16] *Id.* at 987 (citation omitted).

[17] *Hall*, 935 F.2d at 1110.

govern other litigants."[18]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[19]  While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[20] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[21]

## MS. HARDEN'S COMPLAINT

Ms. Harden asserts a single cause of action for "retaliatory eviction" against Kier Management, Michelle Tipplette, and Lindsay Borke.[22]  She contends Defendants violated her rights under the Fair Housing Act of 1968[23] (FHA) and the Utah Fair Housing Act,[24] according to the complaint.[25]  Ms. Harden is a tenant at Kier's

---

[18] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[19] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[20] *Hall*, 935 F.2d at 1110.

[21] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[22] (Compl., Doc. No. 1.)

[23] 42 U.S.C. § 3601, et seq.

[24] Utah Code § 57-21-1, et seq.

[25] (Compl. ¶¶ 28–29, 40, 42, Doc. No. 1.)

Bramblewood apartments in Ogden, Utah.[26]  Ms. Tipplette and her supervisor, Ms. Borke, work for Kier at the Bramblewood Apartments.[27]

Although it is not entirely clear, Ms. Harden's cause of action seems to revolve around an income-based rent subsidy or reduction.  Apparently, to qualify for this, Keir Management required Ms. Harden to complete an orientation and provide documents and information for an annual certification, among other things.  According to Ms. Harden, in September 2024, she met with Ms. Tipplette to complete the recertification and signed documents for it, but she was not asked about a SNAP[28] balance receipt.[29]

Then, in October 2024, Ms. Harden spoke with Ms. Tipplette "about becoming employed" and her need for Ms. Tipplette to verify identity documents.[30]  Ms. Harden also discussed a rent adjustment due to decreased child support payments.[31]  Over the next few months, Ms. Harden emailed Ms. Tipplette about adjusting her rent.[32]  Ms. Tipplette instructed her "to submit in writing within 10 days" of "completing orientation"

---

[26] (*Id.* ¶¶ 1, 35.)

[27] (*Id.* ¶¶ 2–3, 8, 32–33.)

[28] SNAP is the Supplemental Nutrition Assistance Program, a federal program that provides food-purchasing assistance to low-income individuals and families to help them afford nutritious food.  *See* 7 U.S.C. § 2011.

[29] (Compl. ¶ 21, Doc. No. 1.)

[30] (*Id.* ¶ 4.)

[31] (*Id.* ¶¶ 5–6.)

[32] (*Id.* ¶ 7.)

or she "would have to pay full rent."[33]  Ms. Harden did so.[34]  She then went to Kier Management to follow up on numerous occasions.[35]  The receptionist told her to contact Ms. Borke about the issue and said Ms. Harden "would only owe the difference of the increase of the rent."[36]  After leaving her contact information, Ms. Harden emailed and called Ms. Borke but did not hear back.[37]

In January 2025, Ms. Harden went to Ms. Tipplette's office "to sign paperwork for the yearly certification."[38]  Ms. Tipplette asked Ms. Harden why she had been telling on her to Kier Management, said the receptionist was wrong, and told Ms. Harden she would still owe rent money.[39]  Ms. Tipplette later emailed Ms. Harden, requesting a receipt showing a SNAP balance, which Ms. Harden provided.[40]  Ms. Tipplette then verified Ms. Harden's income for the "recertification" because she did not see Ms. Harden was receiving SNAP benefits.[41]

---

[33] (*Id.*)

[34] (*Id.*)

[35] (*Id.* ¶ 8.)

[36] (*Id.*)

[37] (*Id.*)

[38] (*Id.* ¶ 9.)

[39] (*Id.* ¶¶ 10–12.)

[40] (*Id.* ¶ 15.)

[41] (*Id.*)

In February 2025, Ms. Tipplette again emailed Ms. Harden, saying Ms. Borke "would be seeking termination" if she did not receive a copy of the SNAP receipt.[42] Although Ms. Harden forwarded the email with the SNAP receipt again, Ms. Tipplette placed an eviction notice on her door on February 6, claiming she did not complete the recertification on time.[43] However, Ms. Harden alleges she "completed the recertification when asked and provided all documents as required on time as she has with all other recertifications" in the past.[44]

After receiving the February eviction notice, Ms. Harden emailed Ms. Borke numerous times about Ms. Tipplette, but she never responded.[45] In April 2025, Ms. Tipplette put another eviction notice on Ms. Harden's door, falsely claiming an outstanding balance—according to Ms. Harden.[46] A month later, Ms. Harden spoke with staff at the Ogden Housing Authority about the balance due, and learned "there was no HUD balance in the system."[47]

Ms. Harden filed the present case a few months after this, asserting a single cause of action for "retaliatory eviction"[48] in violation of the FHA and the Utah Fair

---

[42] (*Id.* ¶ 16.)

[43] (*Id.* ¶¶ 17, 19–20.)

[44] (*Id.* ¶ 36.)

[45] (*Id.* ¶ 24.)

[46] (*Id.* ¶ 25.)

[47] (*Id.* ¶ 26.)

[48] (*Id.* ¶¶ 39–48.)

Housing Act.[49]  Specifically, she claims Ms. Tipplette and Ms. Borke created false documents to evict her in retaliation for the complaints she made to Kier Management.[50] Ms. Harden contends this will interfere with her voucher from the Ogden Housing Authority and force her and her son into a shelter.[51]

Although the complaint's title suggests Ms. Harden seeks injunctive relief,[52] she prays for monetary damages for "mental pain and anguish and severe emotional distress," including "punitive and exemplary damages" plus interest.[53]  And elsewhere in the complaint, Ms. Harden asserts she is entitled to damages under Utah law and "principles of respondeat superior."[54]

## ANALYSIS

As explained below, Ms. Harden fails to state a plausible claim for relief under the FHA or any other federal law.  And in the absence of viable federal claims, the court should decline to exercise supplemental jurisdiction over her state law claims.  Accordingly, Ms. Harden's complaint is subject to dismissal.  However, Ms. Harden may amend her complaint to correct these deficiencies.

---

[49] (*Id.* ¶¶ 28–29, 40, 42.)

[50] (*Id.* ¶¶ 27, 41.)

[51] (*Id.* ¶¶ 43–46.)

[52] (*Id.* at 1 ("Complaint for Injunction Pursuant to Fair Housing Act of 1968, 42 U.S.C. 3601, et seq.").)

[53] (*Id.* at 8 (Prayer for Relief ¶¶ 1–3).)

[54] (*Id.* ¶ 42.)

To start, Ms. Harden fails to state a claim under the FHA.  Ms. Harden specifically references 42 U.S.C. § 3604(a), which prohibits discrimination against a person based on their "race, color, religion, sex, familial status, or national origin" in the sale or rental of dwellings.[55]  But Ms. Harden does not allege Defendants discriminated against her based on any of these categories.  The FHA also prohibits retaliation against individuals on the basis of their exercise of rights under the FHA.[56]  To state an FHA retaliation claim, a plaintiff must show: "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate."[57]  But Ms. Harden does not allege she was engaged in the exercise of fair housing rights or that Defendants were motivated by an intent to discriminate.  Rather, she claims Defendants retaliated against her for complaining to Keir Management about not receiving a rent subsidy or reduction despite completing the

---

[55] 42 U.S.C. § 3604(a).

[56] 42 U.S.C. § 1317 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 [42 U.S.C. § 3603, 3604, 3605, or 3606].").

[57] *Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 21-4035, 2022 U.S. App. LEXIS 18603, at *23 (10th Cir. July 6, 2022) (unpublished) (citation omitted).

9

required certifications.[58]  This is not an FHA violation.  Based on the allegations in the complaint, Ms. Harden fails to state a claim under the FHA.

Ms. Harden also fails to state any other claim under federal law.  She references 28 U.S.C. § 1343, which provides that district courts have original jurisdiction over claims that a person's federal rights were violated in furtherance of a civil conspiracy listed in 42 U.S.C. § 1985.[59]  But the complaint does not specifically assert a cause of action under § 1985.  And even if it did, Ms. Harden fails to state a plausible claim under this statute.  To state a claim under § 1985, a plaintiff must allege a violation of an independent statutory or constitutional right that federal courts have jurisdiction to redress.[60]  Plaintiffs must also allege facts showing the violation was based on a conspiracy[61] "motivated by some racial, or perhaps otherwise class-based, invidiously

---

[58] (Compl. ¶¶ 27–29, 40–41, Doc. No. 1.)

[59] *See* 28 U.S.C. § 1343(a) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person" to "recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42 . . . ."); 42 U.S.C. § 1985(1)–(3); *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).  Ms. Harden does not cite to § 1985 or explain any theory of conspiracy under this statute.

[60] *Wheeler v. Swimmer*, 835 F.2d 259, 261 (10th Cir. 1987).

[61] *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990).  To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

discriminatory animus" and "aimed at interfering with rights . . . protected against private, as well as official, encroachment."[62]

Ms. Harden fails to plausibly allege a violation of the FHA, as explained above, or any other independent federal right. Moreover, she has not asserted facts supporting an allegation of a conspiracy motivated by discriminatory animus under § 1985.[63] Accordingly, based on the allegations in the complaint, Ms. Harden fails to state a claim under § 1985.

Because Ms. Harden fails to state a claim under the FHA or any other federal law, exercising supplemental jurisdiction over related state law claims would be improper.[64] Accordingly, Ms. Harden's state law claims under the Utah Fair Housing Act, Utah statutes, or common law[65] are also subject to dismissal. Although Ms. Harden's complaint is subject to dismissal on these grounds,[66] "dismissal of a pro se

---

[62] *Tilton v. Richardson*, 6 F.3d 683, 686–87 (10th Cir. 1993) (internal quotation marks omitted).

[63] *Id.* at 687.

[64] *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction"); *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[65] (*See* Compl. ¶ 42, Doc. No. 1 (claiming that Defendants violated Ms. Harden's "rights under Utah Housing Fair Act," and that she is entitled to damages "under the principles of respondeat superior, the laws of the State of Utah").)

[66] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend."[67]  Accordingly, Ms. Harden will be given an opportunity to amend her complaint.

## CONCLUSION

1. Ms. Harden may file an amended complaint by **December 29, 2025**.  The words "Amended Complaint" should appear in the caption of the document.

2. Ms. Harden is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims not realleged in the amended complaint will be deemed abandoned.[68]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[69]

---

[67] *Kay*, 500 F.3d at 1217 (citation modified).

[68] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect.  Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[69] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].

4.  Failure to file an amended complaint may result in dismissal of this action.

DATED this 8th day of December, 2025.

> BY THE COURT:
>
> *Daphne A. Oberg*
> Daphne A. Oberg
> United States Magistrate Judge